# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-348V
Filed: September 16, 2025

| | |
|---|---|
| JANICE SIRL,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Special Master Horner |

*Emily Beth Ashe*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for respondent.

## ORDER ON MOTION FOR RECONSIDERATION[1]

      This action was filed on January 8, 2021, alleging that a September 13, 2018 influenza ("flu") vaccination resulted in both a Table Injury of SIRVA and transverse myelitis caused-in-fact by the vaccination. (ECF No. 1.) The case was initially assigned to the Chief Special Master as part of the Special Processing Unit ("SPU"), which is intended to expedite cases likely to resolve informally and which generally does not permit petitioners to incur expert costs. (ECF Nos. 24-25.)

      After respondent filed his Rule 4 Report recommending against compensation (ECF No. 39), the Chief Special Master advised that he intended to issue a fact ruling with respect to petitioner's Table claim (ECF No. 40). Petitioner was instructed to file any additional evidence she wished to have considered (*Id.*), but she was advised that

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

—

she "is not authorized to retain an expert at this time" (Non-PDF Scheduling Order, filed Oct. 26, 2023).  She was also instructed to file a brief "addressing the Table issues raised in Respondent's Rule 4(c) Report."  (ECF No. 40.)  The parties then filed briefs limited to addressing petitioner's alleged shoulder injury.  (ECF Nos. 42-43, 45.)

On August 7, 2025, the Chief Special Master issued Findings of Fact and Conclusions of Law.  (ECF No. 49.)  He (1) dismissed petitioner's Table SIRVA claim; (2) dismissed petitioner's cause-in-fact claim for transverse myelitis; and (3) allowed that "[p]etitioner may, however, be able to make out a causation-in-fact claim for some other form of neurologic injury – whether an off-Table, causation-in-fact SIRVA claim or something else.  Petitioner may therefore need to amend the petition."  (*Id.* at 20.)  The Chief Special Master transferred the case out of the SPU and to the undersigned for further litigation of the remaining claim(s).  (ECF Nos. 50-51.)

Regarding the transverse myelitis claim, the Chief Special Master's dismissal was based on two considerations.  First, he concluded that the progression from onset to nadir of transverse myelitis of between four hours to 21 days is a "key diagnostic criteria."  (ECF No. 49, p. 19.)  Finding petitioner's condition progressed over a longer period, he indicated that "[a]lthough this issue might be one reasonably disputed by medical experts, the current record is unsupportive of Petitioner's injury contention."  (*Id.*)  Second, and "more fatal" to petitioner's claim, he concluded that onset of petitioner's transverse myelitis was no sooner than two months post-vaccination.  (*Id.* at 19-20.)  Further, the Chief Special Master suggested these two points exist in tension, with any effort to develop the record and bring onset closer to vaccination serving to lengthen the period from onset to nadir.  (*Id.* at 20.)

After the case was reassigned, petitioner moved for reconsideration of the Chief Special Master's Findings of Fact and Conclusions of Law.  (ECF No. 52.)  Petitioner sought reconsideration only of that part of the Chief Special Master's findings that dismissed her cause-in-fact claim for transverse myelitis, arguing that she "was not given the opportunity to testify and/or file a brief or retain an expert" regarding that claim.  (ECF No. 52-1, p. 1.)  Consistent with Vaccine Rule 10(e), I directed respondent to file a response to the motion, which he did.  (ECF No. 53.)  In his response, respondent stressed that special masters have wide discretion as to case proceedings and that there is no guarantee that a party will be given a hearing or the chance to file an expert report; however, he acknowledged that "the procedural history of this case suggests that the ruling on the record was to be limited to petitioner's Table SIRVA claim."  (*Id.* at 4.)  Respondent deferred to the court with respect to reconsideration, but did note his intention to continue defending against petitioner's transverse myelitis claim if reconsideration was granted.  (*Id.* at 5.)

Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice."  Vaccine Rule 10(e)(3).  It has previously been

2

noted, however, that there is little guidance interpreting Vaccine Rule 10(e)(3) beyond the conclusion that it is within the special master's discretion to decide what constitutes the "interest of justice" in a given case. *See Krakow v. Sec'y of Health & Human Servs.*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of motion to dismiss case for failure to prosecute). Special masters have previously concluded with regard to Vaccine Rule 10(e) that "the 'interest of justice' standard is likely less onerous than 'manifest injustice.'" *Id.* at *5. Nonetheless, "a motion for reconsideration should not be used to gain a second opportunity to argue what was already decided." *Chuisano v. Sec'y of Health & Human Servs.*, No. 07-452V, 2013 WL 6234660, at *20 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (citing *Fillmore Equip. of Holland, Inc. v. United States*, 105 Fed. Cl. 1, 9 (2012)). A party seeking reconsideration "must support the motion by a showing of extraordinary circumstances which justify relief." *Fru–Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999). The motion for reconsideration "must be based 'upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" *Prati v. United States*, 82 Fed. Cl. 373, 376 (2008) (quoting *Fru–Con Constr. Corp.*, 44 Fed. Cl. at 300).

Although Vaccine Rule 10(e) generally applies to decisions that will result in judgment, special masters in any event may change or revisit any ruling until judgment enters, even if the case has been transferred. *See McGowan v. Sec'y of Health & Human Servs.,* 31 Fed. Cl. 734, 737-38 (1994). In most cases, however, a judicial officer such as a special master departs from previously decided issues only in the event of "new evidence, supervening law, or a clearly erroneous decision." *Id.* at 737; *see also Sullivan v. Sec'y of Health & Human Servs.,* No. 10-398V, 2015 WL 1404957, at *20 n.36 (Fed. Cl. Spec. Mstr. Feb. 13, 2015).

Respondent is correct in observing that it was within the Chief Special Master's discretion to decide petitioner's transverse myelitis claim without expert input. Thus, I would not conclude that such action, standing alone, would warrant reconsideration. Special masters have the discretion to "determine the format for taking evidence and hearing argument based on the specific circumstances of each case." Vaccine Rule 8(a). Moreover, special masters have discretion to determine whether an evidentiary hearing and/or expert retention are reasonably necessary. *Kreizenbeck v. Sec'y of Health & Human Servs.*, 945 F.3d 1362, 1366 (Fed. Cir. 2020); *Bello v. Sec'y of Health & Human Servs.*, 158 Fed. Cl. 734, 749 (2022). Petitioners should not expect that the Chief Special Master's findings in SPU cases will be revisited simply as a result of reassignment to another special master. *E.g., Kuczarski v. Sec'y of Health & Human Servs.*, No. 20-312V, 2023 WL 8713719, at *6 (Fed. Cl. Spec. Mstr. Nov. 17, 2023) (explaining that "as long as a case continues to be litigated there is always a possibility that further record development will necessitate revisiting a prior finding based on newly discovered evidence. However, petitioners should not view reassignment of a case out of the SPU as a second bite at the apple regarding what has already been decided");

*Molina v. Sec'y of Health & Human Servs.*, No. 20-845V, 2024 WL 4223393, at *8-9 (Fed. Cl. Spec. Mstr. Aug. 15, 2024) (maintaining the Chief Special Master's findings as to petitioner's alleged Table injury claim); *but see Pitts v. Sec'y of Health & Human Servs.*, 18-1512V, 2023 WL 2770943, at *8-9 (Fed. Cl. Spec. Mstr. Apr. 4, 2023) (revisiting a fact finding from the SPU in significant part due to a change in law).

Yet, special masters are obligated to ensure that the record is fully developed, that all relevant and reliable evidence is considered, and that admission of evidence is governed by fundamental fairness to both parties. *Bello*, 158 Fed. Cl. at 748. In this case, having identified the question of acute progression of transverse myelitis as a key issue, the Chief Special Master stated that "[a]lthough this issue might be one reasonably disputed by medical experts, the current record is unsupportive of Petitioner's injury contention." (ECF No. 49, p. 19.) Given that the Chief Special Master had explicitly precluded petitioner from presenting an expert report as part of the lead up to the finding of fact, this aspect of the resulting analysis at least raises a question as to whether the dismissal was premature. *See* Vaccine Rule 3(b)(2).

Additionally, and likely more significantly, "a special master must act on the record after adequate notice." *Davis v. Sec'y of Health & Human Servs.*, 94 Fed. Cl. 53, 65 (2010). Here, however, the Chief Special Master advised only as to his intent to rule on petitioner's Table claim and the parties were specifically instructed to brief petitioner's alleged Table injury. *See Doles v. Sec'y of Health & Human Servs.*, 159 Fed. Cl. 241, 246-47 (2022) (finding the special master did not act in fundamental fairness to both parties when he decided a case based on significant aggravation after the parties had briefed causation-in-fact), *rev'd on other grounds,* 2023-2404, 2025 WL 1177875 (Fed. Cir. 2025).

Given these issues, petitioner's motion is **GRANTED**, and the Chief Special Master's Findings of Fact and Conclusions of Law are hereby **WITHDRAWN**. I intend to issue a superseding finding of fact maintaining the Chief Special Master's dismissal of petitioner's Table SIRVA claim, but omitting the further dismissal of the transverse myelitis claim.

However, petitioner is cautioned that in granting her motion for reconsideration I have not reached the substance of her transverse myelitis claim and that this order does not forecast that such a claim will ultimately be viable. Notwithstanding that the Chief Special Master's dismissal of her claim has been withdrawn, petitioner should carefully consider the reasoning of the dismissal and treat it as fair notice that her anticipated claim is susceptible to significant shortcomings. If petitioner prosecutes her transverse myelitis claim in a manner that does not credibly grapple with the issues identified by the Chief Special Master, I may find that attendant attorneys' fees and costs from this point forward were not reasonably incurred.

A separate scheduling order will be issued setting forth how this case will proceed in light of this order.

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master