# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-348V
Filed: November 18, 2025

| | |
|---|---|
| JANICE SIRL,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*Emily Beth Ashe*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for respondent.

## **DECISION**[1]

On January 8, 2021, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act"),[2] alleging that she suffered a Table Injury of a shoulder injury related to vaccine administration ("SIRVA") and transverse myelitis caused-in-fact by the influenza ("flu") vaccination that she received on September 13, 2018. (ECF No. 1.)

### I. Procedural History

This case was initially assigned to the Chief Special Master as part of the Special Processing Unit ("SPU"), which is intended to expedite cases likely to resolve informally. (ECF Nos. 24-25.) On July 20, 2023, respondent filed his Rule 4(c) Report recommending against compensation. (ECF No. 39.) On August 7, 2025, the Chief Special Master issued Findings of Fact and Conclusions of Law. (ECF No. 49.) He

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

dismissed petitioner's Table SIRVA claim and causation-in-fact claim for transverse myelitis, but recognized that "[p]etitioner may, however, be able to make out a causation-in-fact claim for some other form of neurologic injury – whether an off-Table, causation-in-fact SIRVA claim or something else.  Petitioner may therefore need to amend the Petition." (*Id.* at 20.)  The Chief Special Master transferred the case out of the SPU and to the undersigned for further litigation of the remaining claim(s).  (ECF Nos. 50-51.)

After the case was reassigned, petitioner moved for reconsideration of the Chief Special Master's Findings of Fact and Conclusions of Law.  (ECF No. 52.)  Petitioner sought reconsideration only of the part of the Chief Special Master's findings that dismissed her causation-in-fact claim for transverse myelitis, arguing that she "was not given the opportunity to testify and/or file a brief or retain an expert" regarding that claim.  (ECF No. 52-1, p. 1.)  On September 16, 2025, the undersigned granted petitioner's motion for reconsideration, withdrawing the Chief Special Master's Findings of Fact and Conclusions of Law in light of procedural concerns raised by petitioner.  (ECF No. 54.)  The undersigned issued a superseding finding of fact maintaining the Chief Special Master's dismissal of petitioner's Table claim but omitting the further dismissal of petitioner's transverse myelitis claim.  (ECF No. 55.)  However, the undersigned cautioned petitioner to carefully consider the reasoning employed by the Chief Special Master in initially dismissing her transverse myelitis claim.  (ECF No. 54, p. 4.)  Thereafter, the undersigned directed petitioner to "undertake a wholesale reassessment of her claim" and "consult an expert and determine if a credible claim can be advanced."  (ECF No. 56, p. 1.)  Petitioner was instructed to file an expert report and an amended petition, if necessary.  (*Id.*)

Ultimately, on November 17, 2025, petitioner filed a motion for a decision dismissing her petition.  (ECF No. 59.)  Petitioner indicates that "[a]s the investigation of the facts and science have advanced regarding this matter, it has emerged to the Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program," noting that proceeding further would be unreasonable and result in a waste of court resources.  (*Id.* at 1.)  Additionally, petitioner states that she understands that a decision dismissing her petition will result in a judgment against her and will end her rights in the Vaccine Program.  (*Id.*)  While respondent expressly reserves the right to challenge whether petitioner's claim was timely filed and to oppose, if appropriate, any application for attorneys' fees and costs, respondent otherwise does not oppose petitioner's motion.  (*Id.* at 2.)

II. **Discussion**

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine.  *See* § 300a-13(a)(1)(A); § 300aa-11(c)(1).  To

2

satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.  § 300aa-13(a)(1).

Petitioner's medical records do not support her allegations by a preponderance of evidence, nor did petitioner file a medical opinion from an expert in support of her allegations.  Pursuant to Vaccine Rule 21(b)(1), "[t]he special master or the court may dismiss a petition or any claim therein at the petitioner's request on terms that the special master or the court considers proper by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3)."  Accordingly, the undersigned **GRANTS** petitioners' Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

### III.   Conclusion

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.